UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFN MAYANK,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>Respondents. | No. 1:26-cv-02059-DAD-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 4) |

On March 16, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On March 18, 2026, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 4.) On March 19, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release. (Doc. No. 5.)

/////

1

On March 20, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Respondents argue that petitioner is an "applicant for admission" and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents argue that this matter is distinguishable from *Ayala Cajina* because petitioner was not previously detained by immigration authorities.  (Doc. No. 6 at 2.)  However, respondents concede that petitioner had filed his affirmative applications for asylum and withholding of removal in 2024.  (Doc. Nos. 1 at ¶ 35, 6 at 2.)  As another district court recently stated: "The government's insistence [that] Petitioner lacks a liberty interest because it never before sought to detain her is specious.  Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (internal citation omitted).  The court therefore rejects respondents' contention in this regard.  Respondents state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (Doc. No. 6 at 1.)  Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus based on the current briefing.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

On or about July 1, 2024, petitioner entered the United States and filed his applications for asylum and withholding of removal.  (Doc. No. 1 at ¶ 35.)  Immigration authorities did not detain him at that time.  (*Id.*)  On January 15, 2026, petitioner was detained by immigration authorities.  (*Id.* at ¶ 36.)

The court incorporates and adopts the reasoning set forth in *Ayala Cajina* and finds that petitioner's continued detention violates due process.

/////

/////

2

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his detention on January 15, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 4) is hereby DENIED as having been rendered moot in light of this order granting habeas relief;

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 20, 2026**                        _Dale A. Drozd_
                                                  DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE